UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL VEEHOFF, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV1323 CDP |
| | ) | |
| SWIFT TRANSPORTATION CO., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This is a personal injury case in which the plaintiffs are the surviving children of Diane Veehoff, who was killed when defendant's tractor trailer rear-ended her vehicle. According to plaintiffs' complaint, at the time of the collision Veehoff's car was traveling 0-10 mph in stalled interstate traffic. The car was struck from behind by Swift Transportation's truck, which was traveling at highway speeds. Plaintiffs' complaint alleges various theories of negligence.

Swift Transportation has moved for summary judgment. Swift argues that the undisputed evidence in the case shows that the driver of the tractor trailer was not negligent, but rather suffered a medical incident just before the collision. Additionally, Swift moves for partial summary judgment as to plaintiffs' claims concerning failure to yield, following too closely, and excessive speed.

In ruling on summary judgment, the Court views the facts and inferences therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Summary judgment is not appropriate in this case. I cannot say as a matter of law that the evidence gives rise to a necessary inference that defendant's driver suffered a medical incident that caused the collision. In fact, it would be particularly silly to do so, given that defendant does not even specify what the medical incident was. Viewing the facts in the light most favorable to plaintiffs, there is sufficient evidence from which a jury might conclude that the defendant's driver was negligent. The undisputed evidence shows that defendant's tractor trailer rear-ended Veehoff's car at a high rate of speed when Veehoff was traveling 0-10 mph. Whether this collision was the result of a medical event, carelessness, or something else is for a jury to determine. For these reasons, defendant's motion for summary judgment will be denied.

Additionally, partial summary judgment on plaintiffs' various individual allegations of negligence is also inappropriate. There is adequate evidence from

which to conclude that defendant's tractor trailer was traveling at an excessive speed. Claims of negligence that relate to following too closely or failing to yield are more properly considered as issues relating to jury instruction, and will be addressed at the conclusion of the evidence produced at trial.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [#36] is DENIED. The parties are reminded that their pretrial submissions remain due no later than 20 days prior to trial.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 20th day of August, 2008.